## FRANKLIN BANK *versus* BYRAM.

For payments made by their cashier on *checks overdrawn*, the bank may maintain an action against the drawer.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT.

The writ contained one count for money had and received, and another for money paid, laid out and expended.

A specification of plaintiffs' claims described them as for money paid out on defendant's checks, and they were presented.

After the evidence was introduced, it was agreed to submit the cause to the full Court upon the testimony, with power to draw inferences as a jury might, and if the action is maintainable, an auditor to be appointed to audit the accounts between the parties, whose report shall be final, and judgment to be entered thereon; but if otherwise, a nonsuit to be entered.

The Court found that the cashier had permitted the defendant to overdraw.

*Evans,* for defendant.

No action can be maintained by a bank against the drawer of a check, which it has paid. A check is no evidence of indebtedness to the bank. A check only shows that the party drawing had money in his hands. Story on Prom. Notes, § § 487, 488, 489.

It is always supposed to be drawn upon a previous deposit of funds. 2 Story's R. 519.

Payment of a check by a bank is an admission of having funds of the drawer. It is drawn, not upon credit, but on one's own money. It is a breach of trust to pay it without funds. It is also a breach of law, and neither can be presumed, nor allowed to be proved. Banking Law of the State. "*Ex turpi causa non oritur actio.*" *Lancaster Bank* v. *Woodward,* 18 Penn., cited in Am. Dig. 1853, p. 90, § § 50, 52.

*Usage* to pay such checks, is not admissible.   Same case cited.

It is sometimes said, that checks are bills of exchange to all intents.   As between drawer and holder, they may resemble each other in several particulars; as between drawer and drawee no resemblance.   Story on Prom. Notes, § 489, note 5, § 498, note 2.

The distinction is pointed out in *Woodruff* v. *Merchants' Bank*, 2 Hill, 673; Story, § 490, note 1; *Smith* v. *Poor*, 37 Maine, 462.

*Paine*, for plaintiffs.

APPLETON, J. — The evidence tends satisfactorily to show that the defendant has in his hands the funds of the Franklin Bank, which its cashier permitted him to overdraw.

It is insisted that such overdrawing is a loan, and as such within the prohibition of R. S., c. 77, § 19, which forbids any bank to make any discounts without at least two responsible names as principals, sureties or indorsers, and that no action can be maintained for any funds of the bank which may be proved to be in the defendant's hands or to have been paid on his check.   But this cannot be regarded as correct.   It is no part of the duty of the cashier to make discounts.   The loans of the bank are to be effected through the agency of its directors.   No loan is shown to have been made by the bank; no discount by its directors within any meaning which can be properly given to either the word loan or discount.   This case is not therefore within the provisions of § 19.

The declaration contains the money counts, on which the plaintiff seeks to recover what is equitably due.   If the cashier, without authority, misappropriates the funds of the bank; if he violates his trust; if he pay away money wrongfully and that money can be traced into the hands of one conusant of his breach of trust and participant in his wrongdoings, it is difficult to perceive why redress should be denied the bank.   In this view, it is immaterial whether it is

paid out on a check or not. If the drawer of the check has no funds, the cashier is under no greater obligation to pay than if it were a mere verbal request. The overdrawing and the payment of the check overdrawn are both wrongful acts. If in such case the money of a bank has been misappropriated by its cashier, without the knowledge or consent of its officers, there is neither law nor equity in permitting the recipient to retain what he has received without right. The plaintiff may consequently recover the amount shown to have been overdrawn.

The authorities cited by the learned counsel for the defendant upon examination fail to sustain the position upon which the defence rests. In *Hacker* v. *Anderson*, 21 Wend. 372, it was held that an action cannot be maintained on a bank check, against the drawer, until after notice of presentment and non-payment, and that a check is in effect and form a bill of exchange. As between the immediate parties to a bill, the consideration may be inquired into, and it may be shown that nothing was due when the acceptance was given, or that it was in whole or in part an accommodation. So as between the parties the acceptance of a bill is presumptive evidence of funds in the hands of the acceptor. *Kendall* v. *Galvin*, 15 Maine, 131. "A check of itself," says WOODWARD, J., in *Lancaster Bank* v. *Woodward*, 6 Harris, 357, "is not evidence of a debt or loan of money. The presumption is that it was given in payment of a debt and that cash was given for it at the time." In that case no such question was raised as is here presented. "It was attempted to prove a custom to pay overdrafts of solvent dealers with banks, but it failed, and if it had not failed such a custom should be abolished. *Malus usus abolendus est.*" But it is not intimated in that or in any case, that if an overdraft has been paid by the cashier, that it cannot be recovered back by the bank from the individual thus overdrawing. The defence is alike without foundation in law and in morals.

According to the agreement of the parties, as the ac-

tion is maintainable, an auditor is to be appointed, whose report is to be final, and judgment to be entered thereon.

TENNEY, J., being unable to be present at the argument, took no part in this decision.