## PROWINSKY v. SECOND NAT. BANK.

(Court of Appeals of District of Columbia. Submitted March 5, 1920. Decided May 3, 1920.)

No. 3327.

1. **Pleading** ⊜155—**Affidavit of defense must clearly state grounds.**

In a bank's action to recover an overdraft, the depositor's affidavit of defense that, being ignorant of the true state of his account, he was informed it was $1,036 and was given a certified check for that amount, and that his passbook is in plaintiff's possession, and that plaintiff's claim should be matter of strict proof, was insufficient under the seventy-third rule, which requires such affidavit not only to interpose a strict denial, but to clearly state grounds of defense, which, if true, would defeat plaintiff's claim in whole or in part.

2. **Banks and banking** ⊜150—**Bank can recover from drawer amount of overdraft in certified check.**

A bank can recover from the drawer of a check, whether certified or not, in indebitatus assumpsit for money paid to his use, if the check amounts to an overdraft.

3. **Payment** ⊜85(1)—**Money paid under mistake of fact may be recovered.**

One who pays money to another under an honest mistake of fact may, in the absence of an equitable defense, recover the money so paid.

Appeal from the Supreme Court of the District of Columbia.

Action by the Second National Bank against Joseph A. Prowinsky. Judgment for plaintiff, and defendant appeals. Affirmed.

Francis P. Sheehy and Vincent A. Sheehy, both of Washington, D. C., for appellant.

Alexander Wolf, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Action by appellee bank, plaintiff below, to recover from appellant an overdraft of $1,009.93. It appears that defendant at various times covering a period of three months deposited in plaintiff bank the sum of $1,127.26, and drew therefrom, reducing his balance to $26.87. He then drew a check payable to his order in the sum of $1,036.80, which the cashier, through a mistake of one of the bookkeepers, certified as good, and upon such certification defendant indorsed the check and negotiated it at another bank in the city of Washington. In regular course plaintiff bank paid the check. When the mistake was discovered, demand was made upon defendant to pay the overdraft. He denied liability. Hence this suit.

Plaintiff filed a declaration with affidavit of merit under the seventy-third rule. In the affidavit the transactions of defendant with the bank are set out in detail, showing that the account of defendant was overdrawn by the certification of the check through a mistake of fact.

Defendant interposed a demurrer to the declaration, which was overruled by the court. He then filed his pleas and affidavit of defense. The affidavit amounted to a plea of ignorance of the amount deposited and the amounts checked out of the bank, and set up that upon in-

quiry as to the amount of his balance he was informed that it was $1,036.80, whereupon he received a certified check for that amount, supposing the account settled. He then avers that the passbook and canceled checks are in the possession of the bank, and he is not advised as to the correct amount of the balance at the time of closing the account, and he therefore believes that the claim of plaintiff should be a matter of strict proof.

On motion, judgment was entered for plaintiff, from which this appeal was taken.

[1] The affidavit of defense was insufficient under the seventy-third rule. It presented no issue of fact which called for the intervention of a jury. Defendant is required by the rule, not only to interpose a strict denial of plaintiff's right of recovery, but he must clearly state the grounds of his defense, which, if true, would defeat plaintiff's claim in whole or in part. Fidelity & Deposit Co. v. United States ex rel. Smoot, 187 U. S. 315, 23 Sup. Ct. 120, 47 L. Ed. 194.

[2] This is not the case of a paying bank attempting to hold the payee of the check, who is not the drawer of the check. The action here is against the drawer of the check, and, whether the check is certified or not, it merely amounts to an overdraft for which the bank may sue in indebitatus assumpsit for money paid to his use. Morse on Banks and Banking, vol. 1, § 360; Franklin Bank v. Byram, 39 Me. 489, 63 Am. Dec. 643; Thomas v. International Bank, 46 Ill. App. 461.

[3] To the rule, that one who pays money to another under an honest mistake of fact may, in the absence of an equitable defense, recover the money so paid, there is no exception.

"It is a general rule that where money is paid by mistake, neither party being in fault, the party paying the money may recover it as money paid without consideration, as money had and received by the defendant to the use of the plaintiff." Hibbs v. Beall, 41 App. D. C. 592.

See, also, Strauss v. Hensey, 9 App. D. C. 541.

The judgment is affirmed, with costs.

Affirmed.