TITLE GUARANTEE AND TRUST COMPANY, Plaintiff, v. EMADEE REALTY CORPORATION, Defendant.

Supreme Court, Kings County, February 17, 1930.

*C. Elmer Spedick*, for the plaintiff.

*Morton Abrahams*, for the defendant.

DUNNE, J. Upon a reconsideration of the issue herein involved, I am satisfied that the plaintiff is entitled to the relief originally sought. It is alleged that on or about the 24th day of April, 1929, the defendant made and delivered a certain check drawn on the plaintiff's banking institution in the sum of $848. Upon presentation to the plaintiff the check was certified and the amount subsequently paid to the holder thereof. It is further claimed that at the time of the said payment the defendant depositor had on deposit the sum of $64.38 only. Defendant by way of answer sets forth that the plaintiff cannot recover because the certification of the check and the payment thereof was due to the negligence of the plaintiff in not verifying the amount defendant had on deposit. Plaintiff originally moved for judgment on the pleadings on the ground that the negligence of the plaintiff in certifying the check was no defense to the action; that it was an action for money paid, laid out and expended on behalf of the defendant and was in the nature of an overdraft.

After reconsidering the proposition involved, the court is of opinion that as between the maker of the check and the bank the question of the latter's negligence in honoring the instrument is immaterial. Without question, " as between a banking firm and a depositor not a member of the firm, an overdraft is a loan. The payment of the latter's check when no funds stand to his credit is an advance by the firm of its own money, for the repayment of

which, with the lawful interest, the customer is liable. It is payable absolutely and in full, without abatement or contingency, and so constitutes a loan in all its characteristics." (*Payne* v. *Freer,* 91 N. Y. 43, 48.) Assuming the bank had not certified the check, but had honored it, nevertheless by payment to the proper holder thereof upon presentation would the defendant in such event be in a position to successfully meet with the bank's demand for reimbursement for the overdraft? The case quoted above is the negative answer to such proposition. The defendant in the instant case admits the overdraft, but sets forth that due to the negligence of the bank in certifying the check he may shield himself behind such negligence in resisting the bank's claim for payment on the overdraft. However, whether or not the check was certified or paid without certification, the liability of the defendant to make good the difference between the amount paid by the bank and the amount on deposit is unaffected. (1 Morse Banks & Banking [6th ed.], § 360.) In either event the depositor, having initiated the circulation of the instrument in question, must in conscience and in law bear the ultimate consequence thereof. A case apropos of the present situation is found in *Prowinsky* v. *Second National Bank* (265 Fed. 1003; 12 A. L. R. 358). That was an appeal from the Supreme Court of the District of Columbia in an action brought by the Second National Bank against Joseph A. Prowinsky to recover an overdraft of $1,009.93. The court stated in part: It appears that the defendant at various times deposited and withdrew on his account, reducing the balance to $26.87. Prowinsky then drew a check in the sum of $1,036.80, which the cashier certified as good. This check was later negotiated and paid, and when the mistake was discovered demand was made upon the drawer, the said Joseph A. Prowinsky, who denied liability thereon. Plaintiff set up as a defense that upon inquiry at the bank he was informed that his balance was $1,036.80, whereupon he drew the check, supposing that that amount was correct and that the account was settled. The court below held that this presented no issue of fact, and stated further that it was not a case of a paying bank attempting to hold a payee of the check who was not the drawer of the check. The action here is against the drawer of the check, and whether the check is certified or not, it merely amounts to an overdraft for which the bank may sue in *indebitatus assumpsit* for money paid to his use.

The motion for judgment on the pleadings as sought by the plaintiff is granted.