Frank O. TURBITT, t/a Owens Furniture Mart, Appellant,

v.

The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Appellee.

Nos. 2978, 2979.

Municipal Court of Appeals for the District of Columbia.

Argued May 7, 1962.

Decided July 20, 1962.

Rehearing Denied Aug. 10, 1962.

Arthur S. Curtis, Washington, D. C., for appellant.

Francis L. Casey, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The Riggs National Bank erroneously credited a deposit of the D. N. Owens Company to the account of appellant, doing business as the Owens Furniture Mart. Appellant went to Riggs and, in response to his request, received from a teller a slip of paper indicating that his balance was $3,845.94. This figure included the erroneous credit of $2,748.52. Relying upon the teller's statement, appellant then drew several checks against the stated balance, three of which were certified by Riggs. Later that

day Riggs discovered the error, notified appellant, and removed the deposit of the D. N. Owens Company from appellant's account. The certified checks were paid on presentment, leaving an overdraft of $1,308.13 in excess of appellant's corrected balance. The other checks drawn by appellant were returned for insufficient funds.

Riggs brought suit in the Municipal Court for the amount of the overdraft, plus a service charge. Appellant counterclaimed for damages in the amount of $40,000 allegedly resulting from the wrongful dishonor of the other checks. The counterclaim was dismissed as it exceeded the jurisdiction of the Municipal Court.[1] Appellant then instituted the same claim in the District Court, and it was subsequently certified to the Municipal Court. Appellant moved that the cases be consolidated for trial and that the certified case be heard first. The trial court denied the motion and ruled that the action brought by Riggs be tried first in its entirety. At the conclusion of all the evidence in the action brought by Riggs, the trial court directed a verdict for Riggs in the amount of $1,311.81, and dismissed the action brought by appellant.

■■ Appellant was unable to show that he had deposited sufficient funds to cover the certified checks, and in the absence of any evidence to the contrary, there was no factual question that the deposit of $2,748.52 was erroneously credited to appellant's account. We are of the opinion that under these circumstances the trial court properly directed a verdict in favor of Riggs in its action to recover money paid under a mistake of fact. Where a bank certifies a check at the request of a drawer under the mistaken belief that he has sufficient funds in his account, and on presentment honors the check, the bank may recover from the drawer the amount of the overdraft. Prowinsky v. Second Nat. Bank, 49

App.D.C. 363, 265 F. 1003, 12 A.L.R. 358 (1920).

But did the trial court err in dismissing appellant's action against Riggs for damages resulting from the erroneous credit to appellant's account? Appellant urges that he drew several checks in reliance upon the bank's representation of the status of his account; that had the representation been true, the checks would have been honored; that as a trader he suffered substantial damages when the checks were dishonored; and that the bank should be estopped from now establishing the falsity of its representation and the actual balance of his account.

■ The bank has the duty to render an accurate statement of the depositor's account. The depositor has a corresponding duty to check the statement rendered and to inform the bank of any errors found therein. We think this is particularly true in the case of a trader. Due to his position in the business community he has the benefit of experience and familiarity with financial statements, and it is not unreasonable to require him to know the actual status of his account. But the depositor is not precluded in every instance from relying upon the representation of the bank. Where the bank has been notified of a questionable credit but finds no error and over a period of time continues to carry the credit on the depositor's account, the reliance on the bank's statement may be justifiable. But that is not the situation here. The deposit of the D. N. Owens Company was erroneously credited to appellant's account only two weeks prior to the time appellant asked the bank teller to check his balance. A monthly statement had been rendered on the first of the month and the D. N. Owens Company had notified the bank of its failure to credit it with a deposit. Riggs checked its records and found the mistake on the same day that appellant visited the bank,

1. The counterclaim was filed prior to the effective date of the Act of September 14, 1961, which amended Code 1961, § 11-775(a) and gave the Municipal Court jurisdiction over cross-claims and counterclaims in all actions over which it had jurisdiction, regardless of the amount involved.

but not until after the checks had been certified and appellant had left. Appellant relies upon Jaselli v. Riggs Nat. Bank, 36 App.D.C. 159, 31 L.R.A.,N.S., 763 (1911), and urges that the bank was negligent in failing to notify him immediately of the claim against his account. That case was correctly distinguished by the trial court and appellant's contention is not substantiated by the record, which indicates that Riggs immediately sent appellant a letter informing him of the mistake. Another letter and subsequent telephone calls inviting appellant to visit the bank regarding the matter were ignored.

We think the trial court's ruling as a matter of law that there was a mutual mistake of fact was correct, and appellant's claim against Riggs was properly dismissed. The other errors urged by appellant pertaining to the order in which the cases were heard by the trial court and the admissibility of certain evidence have been carefully reviewed and we find no error.

Affirmed.