559 P.2d 218

**CONTINENTAL BANK, a corporation, Appellant,**

v.

**Billie FITTING dba Camelback Realty, Appellee.**

**No. 1 CA–CIV 3074.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 18, 1977.

Filler, Paytas, Shannon & Fleming by Charles A. Filler, Phoenix, for appellant.

Boltz & Odegaard by Douglas N. Odegaard, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

The appellant, Continental Bank, brought this action to recover the amount of an overdraft which it paid on a check drawn on appellee's account. The appellee, Fitting, resisted the bank's action on the ground that the bank should not have paid the overdraft, and also counterclaimed for damages claimed to have arisen out of the wrongful dishonor by the bank of a different check. The judgment was entered in favor of Fitting on both the bank's claim on the overdraft and on Fitting's counterclaim, and the bank appeals.

The check leading to the overdraft claim was written by Fitting in the amount of $800. After writing the check, she had second thoughts and contacted the bank about the possibility of stopping payment. A bank employee advised that a stop payment order could not be submitted until the bank opened the following morning. Fitting then discussed with the bank employee the possibility of deliberately creating an overdraft situation by withdrawing enough money so that there would remain insufficient funds to cover the check in question. The bank employee indicated that in those circumstances the bank would not pay the check.

Early the next morning, Fitting proceeded to withdraw money from the account, leaving enough money to cover other checks which she had written. The bank nevertheless paid the $800 check in question, and sought recovery of the amount of the overdraft from Fitting in this action.

In defense of her judgment below, Fitting's sole reliance is upon evidence developed before the trial court showing that under the bank's usual internal procedures and policies, the bank would have known the check represented an overdraft and would not have paid it. As made clear in oral argument, Fitting does not contend that her conversations with the bank employees concerning overdraft policies constituted a contractual agreement that the check would be dishonored; nor does she claim that the bank is estopped to claim recovery of the overdraft as a result of that conversation.

In those circumstances, the sole issue with respect to the overdraft is whether the bank was lawfully entitled to pay it and to seek recourse from Fitting. The matter is governed by A.R.S. § 44–2627 [U.C.C. § 4–401] which clearly gives the bank the option to pay an overdraft and to charge the customer's account for that overdraft when the check is otherwise properly payable.[1]

---

1. A.R.S. § 44–2627 is section 4–401 of the Uniform Commercial Code. It provides as follows:

   "A. As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft.
   "B. The bank which in good faith makes payment to a holder may charge the indicated account of its customer according to:

The bank, therefore, by paying the overdraft and charging the customer's account, was acting in accordance with procedures specifically authorized by law, and violated no claimed contractual agreement with its customer. Fitting offers no support for her theory that the bank's own internal policies may in and of themselves give rise to a duty to follow such policies in every case, despite provisions of the statute authorizing contrary conduct. We perceive no basis for such a holding as a matter of sound policy. As the comment to section 4–401 of the Uniform Commercial Code states:

> "It is fundamental that upon proper payment of a draft the drawee may charge the account of the drawer. This is true even though the draft is an overdraft since the draft itself authorizes the payment for the drawer's account and carries an implied promise to reimburse the drawee."

The counterclaim against the bank for wrongful dishonor arises from the bank's refusal to pay a check drawn by Fitting on a trust account with the bank. There is no question that the bank erroneously dishonored the check as a result of a "hold" which it mistakenly placed on the account. The trial court awarded damages to appellee in the amount of $1,000, and the only issue before us is the correctness of the award of damages. The appellant proved no specific damages as a result of the dishonor but claims rather that she is entitled to damages on the presumption that the mere fact of dishonor injuriously affected her business reputation.

Fitting, as also made clear in oral argument, agrees that the dishonor was the product of a mistake.

The subject of damages for wrongful dishonor is covered by A.R.S. § 44–2628 [U.C.C. § 4–402] which expressly provides that: "When the dishonor occurs through mistake liability is limited to actual damages proved." In arguing that she is nevertheless entitled to damages which are not actually proved appellee relies upon a case in Arizona arising prior to the adoption of that section. *Valley National Bank v. Witter,* 58 Ariz. 491, 121 P.2d 414 (1942).

We conclude that this case is no longer controlling in the face of the statute expressly requiring actual damages to be shown in the case of mistaken dishonor. A.R.S. § 44–2628 is section 4–402 of the Uniform Commercial Code, and comment 3 of that section states clearly that it "rejects decisions which have held . . . substantial damages may be awarded on the basis of defamation 'per se' without proof that damage has occurred." Since the adoption of the Code has abrogated prior Arizona law governing damages for wrongful dishonor, the trial court erred in awarding damages here. *See* C. M. Smith & C. H. Brown, *Arizona U.C.C. Study Comments* § 44–2628 (West Pub. Co. 1967).

Accordingly, the judgment in favor of Fitting on both the bank's overdraft and Fitting's counterclaim must be reversed with instructions to the trial court to enter judgment in favor of appellant bank on both claims.

WREN and EUBANK, JJ., concurring.

---

"1. The original tenor of his altered item; or
"2. The tenor of his completed item, even though the bank knows the item has been completed unless the bank has notice that the completion was improper."