FIRST-CITIZENS BANK & TRUST COMPANY v. JACK PERRY, D/B/A PERRY'S CONSTRUCTION COMPANY

No. 783SC369

(Filed 6 March 1979)

1. **Uniform Commercial Code § 36— bank's action to recover overdraft—timeliness of bank statements to depositor**

    Defendant customer's evidence concerning the failure of plaintiff bank to deliver timely bank statements to him did not raise a genuine issue of material fact as to plaintiff's claim to recover the amount of an overdraft of defendant's account.

2. **Uniform Commercial Code § 36— bank's action to recover overdraft—summary judgment**

    Summary judgment was properly entered for plaintiff bank in an action to recover the amount of the overdraft of defendant's account where plaintiff's materials tended to show that it paid 181 checks, totalling $86,268.99, drawn by defendant on his account with plaintiff bank, that defendant did not have funds on deposit to pay those checks, and that plaintiff is a holder in due course of the checks and has demanded payment from defendant, and where defendant admitted that he wrote the checks and that the checks were paid by plaintiff to the respective payees or endorsers, and defendant failed to controvert plaintiff's evidence that he did not have sufficient funds on deposit to pay the checks and that he has never paid any of the checks. G.S. 25-4-401(1).

APPEAL by defendant from *Reid, Judge*. Judgment entered 18 January 1978 in Superior Court, CRAVEN County. Heard in the Court of Appeals 31 January 1979.

Plaintiff alleges it paid 181 checks, totalling $86,268.99, drawn by defendant on his account with plaintiff bank; defendant did not have funds on deposit with plaintiff to pay these checks when processed; that plaintiff still owns the checks and has demanded payment from defendant.

Defendant admits signing the checks. Defendant contends plaintiff was negligent in failing to deliver timely bank statements; that he was unable to reconcile his account; that he has been embarrassed and ridiculed because of the condition of his account, and counterclaims for damages.

Upon plaintiff's motion for summary judgment, plaintiff filed an affidavit stating that it purchased the checks in the ordinary course of business, for value, without any notice of any defects and that it is a holder in due course of the unpaid checks.

Defendant filed an affidavit setting out the negligence of plaintiff in failing to deliver timely bank statements to defendant, and his claim for damages.

The court granted plaintiff's motion for summary judgment against defendant, without prejudice to defendant's counterclaim. Defendant appeals.

*Ward and Smith, by John A. J. Ward, for plaintiff.*

*William K. Rhodes, Jr. for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant contends the evidence in his affidavit concerning the failure of plaintiff to deliver timely bank statements to him raises a genuine issue of material fact as to plaintiff's claim. We do not agree.

[2] Defendant admits he wrote the 181 checks in the total amount of $86,268.99; that these checks were drawn on his account with plaintiff bank; that the checks were paid by plaintiff to the respective payees or endorsers. Defendant fails to controvert plaintiff's evidence that defendant did not have sufficient funds on deposit to pay the checks when processed and that defendant has never paid any of the checks, although plaintiff has made demand on him for payment.

"As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft." N.C. Gen. Stat. 25-4-401(1). "It is fundamental that upon proper payment of a draft the drawee may charge the account of the drawer. This is true even though the draft is an overdraft since the draft itself

authorizes the payment for the drawer's account and carries an implied promise to reimburse the drawee." N.C. Gen. Stat. 25-4-401, Official Comment. The general view is that payment of any overdraft by a bank amounts to a loan to the depositor, and the amount may be recovered from the depositor. The action to recover the amount of the overdraft is based upon the implied promise which arises from the drawing of the check and the honoring of it by the bank. 10 Am. Jur. 2d Banks § 655 (1963); *Continental Bank v. Fitting*, 114 Ariz. 98, 559 P. 2d 218 (1977); *State v. Mullin*, 225 N.W. 2d 305 (Iowa 1975).

The trial court found facts in its order granting the summary judgment. This practice is not approved. However, the pleadings and evidence before the court on the motion for summary judgment failed to disclose any genuine issue as to any material fact.

The entry of summary judgment is

Affirmed.

Chief Judge MORRIS and Judge CARLTON concur.