■ MARK D. BIRNBAUM, Respondent, v CITIBANK, N. A., Appellant. — In an
action, *inter alia,* to recover damages for wrongful dishonor pursuant to section
4-402 of the Uniform Commercial Code, defendant appeals from an order of the
Supreme Court, Nassau County (Velsor, J.), dated April 7, 1982, which denied
its motion to dismiss plaintiff's complaint for failure to state a cause of action.
Order affirmed, with costs. The facts in this case for the purposes of this appeal
are essentially undisputed. Plaintiff maintained an account with defendant
Citibank, which, as an attorney, he operated as an escrow account for his

clients' funds. On or about June 29, 1981, Citibank mistakenly credited the account entitled "MARK D. BIRNBAUM, Attorney at Law, Special Account" in the amounts of $4,400 and $250. According to plaintiff, in or around July of 1981, he could not reconcile the balance he had in this escrow account with that reported by the bank. He checked with a bank officer who informed him that the error was his own and not a bank error. Plaintiff further claims that after four months of being unable to trace the source of these unaccounted for funds, he transferred these funds into another escrow account at another bank so as to segregate the unaccounted for funds. On or about October 28, 1981, plaintiff received notice that his account was debited in the amounts of $4,400 and $250 because the account had been credited in error on June 29, 1981. Upon receipt of this notice, plaintiff notified defendant that he would incur injury and damage if any checks drawn on his escrow account were returned because of insufficient funds. On or about November 3, 1981, plaintiff received notice from various clients that his escrow account checks had been returned from the bank, with a notation marked "returned because of insufficient funds". Plaintiff commenced this action by service of summons and complaint on or about November 5, 1981. The complaint included seven causes of action sounding both in contract and in tort, to recover a total of $28,000,000 for damages incurred as a result of Citibank's unilaterally debiting his account. Defendant's motion to dismiss the complaint for failure to state a cause of action was properly denied. Inasmuch as the bank had been notified of the questionable credit, but at that time found no error, and, over a period of time, continued to carry the credit on plaintiff's account, plaintiff's reliance on the bank's assurance that the credit was not erroneous may be justifiable (see *Turbitt v Riggs Nat. Bank,* 182 A2d 886, 887 [DC]). Accordingly, under the facts and circumstances of the present case, the complaint states a cause of action in wrongful dishonor pursuant to section 4-402 of the Uniform Commercial Code. Where a motion to dismiss a complaint is addressed to the complaint as a whole, the motion must be denied if the complaint states one legally sufficient cause of action (*Country-Wide Leasing Corp. v Subaru Distrs. Corp.,* 85 AD2d 592; *Samaras v Gatx Leasing Corp.,* 75 AD2d 890). In affirming, therefore, we do not address ourselves to the sufficiency of the remainder of the causes of action in plaintiff's complaint. Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.