■ KAREN O'REILLY, Also Known as KAREN VERDICCHIO, Respondent, v EXECUTONE OF ALBANY, INC., et al., Appellants. —Mikoll, J. Appeal from an order of the Supreme Court at

Special Term (Klein, J.), entered June 17, 1985 in Albany County, which, *inter alia,* partially denied a motion by various defendants to dismiss the complaint against them for failure to state a cause of action.

Plaintiff alleges in the first of three causes of action in her complaint that, during her employment as a marketing executive with defendant Executone of Albany, Inc. (Executone) from April 11, 1983 through January 25, 1984, she was: "repeatedly, intentionally, and maliciously harassed by certain male co-workers and by Defendant [Michael] Mahar, her supervisor whose harassing conduct included, but was not limited to: subjecting Plaintiff to sexual jokes, comments and inquiries, sexually oriented physical contact and gestures, sexually oriented practical jokes, the posting and presence of pornographic pictures and exposing sexual artifacts to Plaintiff." She alleges that such harassment was directed to her because she is a woman. Plaintiff claims that she objected to such conduct and complained of it to Mahar, who is allegedly both general manager and president of Executone. She alleges further that by virtue of her complaints, Executone and the company for whom it is a distributor had knowledge of the sexual harassment but refused to take corrective or remedial action and that defendant companies thereby acquiesced in the sexual harassment of plaintiff. She claims that this created a hostile work environment, made daily work difficult for her and forced her to resign her position at Executone. She also alleges that by virtue of the foregoing, defendant companies discriminated against her in regard to terms, conditions, and privileges of her employment. She charges that because of the sexual harassment, she was forced to resign her position and take other employment with a lower salary.

For a second cause of action, plaintiff repeats most of the allegations of the first cause of action and further states that she was "intentionally, repeatedly, and maliciously touched in a sexual manner by Defendant, Stanley Groggins". She alleges that defendant companies had knowledge of such battery by virtue of her complaints but refused to take any corrective or remedial action, thereby acquiescing in said battery. For the third cause of action, plaintiff alleges that defendants intended to cause her to suffer mental and emotional distress by harassing her.

Following a motion by various defendants to dismiss the complaint for failure to state a cause of action, Special Term denied the motion as to Executone, Mahar and Groggins. This appeal ensued.

When, as here, a motion to dismiss for failure to state a cause of action is addressed to the entire complaint rather than to particular causes of action thereof, it must be denied if one of plaintiff's causes of action is found to be legally sufficient *(Birnbaum v Citibank,* 97 AD2d 392, 393; *State of New York v Monarch Chems.,* 90 AD2d 907; *Country-Wide Leasing Corp. v Subaru Distribs. Corp.,* 85 AD2d 592, 592-593). Special Term properly found not one but two viable causes of action alleged in this complaint, one for battery and one for intentional infliction of emotional distress, and was not required to go further. The order should therefore be affirmed. It is not necessary for this court to examine the sufficiency of the remaining causes of action *(see, Birnbaum v Citibank, supra,* p 393).

The argument that Special Term erred in sustaining the third cause of action is not persuasive. The alleged intentional infliction of emotional distress is not said to be due to plaintiff's wrongful discharge, but due to the unlawful sexual harassment. Thus, the case of *Murphy v American Home Prods. Corp.* (58 NY2d 293) is distinguishable and does not require that the third cause of action be dismissed.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.