GRIMES, Acting Chief Judge.
This is an appeal from a summary judgment in favor of the bank in a suit for recovery of the payment of an overdraft on one of its depositors’ checking accounts.
On November 3, 1984, under circumstances described by her as extreme mental and physical stress, appellant (Brown) executed a $40,000 check to Gerald O. Finley drawn on her checking account at appellee (Lee County Bank). Finley presented the check for collection on December 24, 1984, at North First Bank in Fort Myers. On the morning of December 26, 1984, the check was presented to Lee County Bank, through the Fort Myers clearinghouse. On December 27, 1984, Lee County Bank decided to return the check to North First Bank without payment because funds in Brown’s account were insufficient. This decision was made well in advance of the midnight deadline for return of checks. The check was then sent back to the Fort Myers clearinghouse to be returned to North First Bank. However, the envelope containing the check was improperly la-belled, and as a result it was forwarded to Barnett Bank, the third member of the Fort Myers clearinghouse. The error was discovered the same day, but it was not until the following day that the envelope containing the check was reclaimed by Lee County Bank and properly routed to North First Bank. As a result of the one-day delay in correcting the error, the midnight deadline had passed, and Lee County Bank became obligated to North First Bank for the amount of the check.
On Friday evening, December 28, 1984, Brown received notice from Lee County Bank that her $40,000 check had been presented for payment but returned for insufficient funds. Brown went to Lee County Bank the following day and inquired as to the status of the check. She was informed that the check had been returned for insufficient funds. She then submitted a stop payment order with the appropriate fee, both of which were accepted by Lee County Bank. After North First Bank paid Finley the proceeds of the check, Lee County Bank charged Brown’s account for $40,000 and instituted this action. Following the taking of depositions, the court entered summary judgment in favor of the bank for $40,000. We affirm.
Section 674.401(1), Florida Statutes (1983), provides:
(1) As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft.
Under the heading of purposes, the Uniform Commercial Code Comment, 19B Florida Statutes Annotated § 674.4-401 (1966), states in part:
1. It is fundamental that upon proper payment of a draft the drawee may charge the account of the drawer. This is true even though the draft is an overdraft since the draft itself authorizes the payment for the drawer’s account and carries an implied promise to reimburse the drawee.
The payment of an overdraft by a bank is deemed to be a loan to the depositor and may be recovered by the bank. United States v. Christo, 614 F.2d 486 (5th Cir.1980); Continental Bank v. Fitting, 114 Ariz. 98, 559 P.2d 218 (Ariz.Ct.App.1977); City Bank of Honolulu v. Tenn, 52 Hawaii 51, 469 P.2d 816 (1970); Lincoln National Bank & Trust Co. v. Peoples Trust Bank, *704 177 Ind.App. 312, 379 N.E.2d 527 (1978); First Citizens Bank & Trust Co. v. Perry, 40 N.C.App. 272, 252 S.E.2d 288 (1979).
Brown argues that, this principle is not applicable where the bank pays the overdraft as a result of its own negligence. We see no basis for such a distinction. It matters not whether the bank knowingly or inadvertently honored the overdraft. See Lincoln National Bank & Trust Co. Having initiated the circulation of the check, the depositor “must in conscience and in law bear the ultimate consequence thereof.” Title Guaranty & Trust Co. v. Emadee Realty Corp., 136 Misc. 328, 329, 240 N.Y.S. 36, 37 (N.Y.Sup.Ct.1930).
Brown’s request to stop payment on the check came too late because Lee County Bank had already become obligated for its payment. § 674.303, Fla.Stat. (1983). The fact that the bank told her that it had stopped the check when in fact it had failed to do so in time is irrelevant. Brown has not shown what she could have done to prevent Finley from obtaining the money from North First Bank.
Affirmed.
LEHAN and FRANK, JJ., concur.