█ Theresa E. Daisernia, as Administratrix of the Estate of Nicholas Daisernia, Deceased, et al., Appellants, v. Co-Operative G. L. F. Holding Corporation, Respondent.— *Per Curiam.* Appeals (1) from an order of the Supreme Court which denied plaintiffs' motion to strike out certain defenses pleaded in defendant's answer and which granted defendant's motion for summary judgment dismissing the complaint and (2) from the judgment entered on said order; in an action in negligence to recover damages sustained as the result of an explosion and fire in a feed mill in which plaintiff's intestate and the other plaintiffs were working. Respondent holding corporation is the wholly-owned subsidiary of the employer operating corporation and claims to be its agent, holding title to properties, conducting credit and other fiscal transactions and performing management and other services on behalf of its parent. Appellants are employees of the operating corporation. These various relationships evoke the contention advanced in the motion papers that respondent, the holding corporation, and the appellants, employees of the operating corporation, are alike in the employ of the operating corporation, that is, "in the same employ" (Workmen's Compensation Law, § 29, subd. 6), with the result that respondent is thus immunized from suit. We find no basis for the theory that, within the context of subdivision 6 and of the compensation act generally, a corporation — co-operative, affiliated or otherwise — may be an "employee" of its parent corporation and hence a fellow employee of the parent's employees. Special Term approved defendant's contention in slightly different form, holding that the relationship between the corporations "was that of principal and agent and that any negligent act by one of the agent's employees was the same as a negligent act by one of the principal's employees" and that recovery was barred by subdivision 6; but we are not dealing with questions of agency, *respondeat superior* or like jural relationships at common law or otherwise; but with the strict and simple tests of employer-employee status under the Workmen's Compensation Law,

which, clearly, does not yield to the broad construction suggested by respondent. The second prong of respondent's argument is, in essence, no more than a further simplification of the status or relationship issue, the contention being that the corporations are so entwined as to be but one and hence, it is urged, any distinction between them has been obliterated. We find, on the papers before us at least, no reason to invoke any equitable remedy, or otherwise to disregard the corporate identities which respondent and its affiliate have chosen to assume. It cannot be determined conclusively at this juncture of the proceedings, however, that respondent cannot upon the trial establish its defenses upon other competent proof. Order and judgment modified, on the law and the facts, so as to delete the award of summary judgment and to deny defendant's motion therefor; and, as so modified, affirmed, with costs to appellants. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.