STELLA R. PHILLIPS v. STOWE MILLS, INC.

No. 6927SC144

(Filed 18 June 1969)

1. **Master and Servant § 89—   common-law action against third person tortfeasor — immunity from suit**

   In plaintiff's action for injuries sustained when a wall in a building owned by defendant fell on her, the fact that plaintiff's employer is a wholly-owned subsidiary of the defendant and shares with defendant common administrative offices, a common purchasing agent, personal department and sales organization does not give defendant immunity from the common-law action under the Workmen's Compensation Act on the ground that plaintiff is likewise an employee of defendant, where plaintiff's employer and defendant are separate entities for all tax and accounting purposes, each charges the other for all services actually rendered, including rent on the building, and on the day of the injury complained of plaintiff was performing work under the direction, supervision and control of her employer.

2. **Negligence § 29—   action for negligence — sufficiency of evidence**

   If plaintiff's evidence, when considered in the light most favorable to her, shows that defendant violated some legal duty which it owed to plaintiff and that such breach of duty was the proximate cause of plaintiff's

injury and damage, plaintiff would be entitled to have the jury pass upon her cause for negligent injury.

**3. Landlord and Tenant § 8— landlord's liability to employee of tenant**

In plaintiff's action for injuries sustained when a wall collapsed in a building owned by defendant and rented by plaintiff's employer, plaintiff had no stronger rights against the landlord of her employer than did her employer.

**4. Landlord and Tenant § 8— landlord's liability for personal injuries — collapsing wall — nonsuit**

In plaintiff's action for injuries sustained when a wall collapsed in a building owned by defendant and rented by plaintiff's employer, the evidence *is held* insufficient to support a finding that the defendant was negligent in the construction of the wall.

APPEAL by both plaintiff and defendant from *Snepp, J.,* October 1968 Civil Session, GASTON County Superior Court.

Stella R. Phillips (plaintiff) instituted this civil action against Stowe Mills, Inc., (defendant) to recover damages for personal injuries sustained on 17 June 1964 when a wall in a building owned by the defendant fell on her. The plaintiff was employed as a pin draft operator by the building's occupant, Pharr Worsted Mills, Inc. (Pharr). Pharr, which manufactures and sells worsted and synthetic yarns, is a North Carolina corporation. All of its stock is owned by the defendant, which is a separate North Carolina corporation. However, the officers of the two corporations are identical and there is one general manager for the entire complex. At the time in question, Pharr was paying the defendant for the use of the building, but Pharr owned the equipment, including the pin draft machines on which the plaintiff worked.

A sprinkler system had been installed in the building for fire protection. Water for this sprinkler system came into the building by means of an underground 6-inch water pipe. After coming under the exterior wall of the building, the pipe, by means of a 90-degree elbow joint, came to the surface at a point inside the building about 1½ feet from the exterior wall. The pipe then connected onto the sprinkler system. Water in the pipe was under pressure of anywhere from 60 to 125 pounds. The pipe, which was of cast iron construction, and the elbow, which was of lead construction, were designed to last one hundred years or longer.

At a point approximately 58 feet from this exterior wall, the ground was excavated in order to provide for a basement. Pharr had occupied the building since approximately 1961 and this basement

was constructed by the defendant in 1964. A curtain wall was erected at that time and the sprinkler system was extended to afford fire protection for the basement area. This curtain wall enclosed the basement working area and served as a partition between the working area and the unexcavated portion of the basement. It was not a weight-bearing wall. The curtain wall, which extended for a total length of approximately 50 feet, was constructed with three courses of brick at the base. It was then reduced to two courses of brick, a reduction from a thickness of approximately 12 inches at the base to 8 inches at the top. The curtain wall extended from the surface of the ground to a height of approximately 9 feet. At the top of this brick portion, plywood was placed for approximately 4 feet, giving a total height of approximately 13 feet. The unexcavated portion of the basement provided a crawl space of approximately 4 feet between the floor and the ground. This crawl space was adjacent to and outside of the curtain wall and it decreased in height from approximately 4 feet to approximately 2½ feet at a point next to the exterior wall. The surface of the ground sloped from the exterior wall toward the curtain wall. Since the crawl space afforded a dry and protected area, Pharr utilized it for the storage of extra machinery parts.

On 17 June 1964 the plaintiff and another female employee were operating pin draft machines located approximately 3 feet from the curtain wall in the basement working area. About 9:00 p.m. the plaintiff noticed water seeping through the curtain wall approximately 1 foot above the floor and she reported this condition to her overseer. About 9:05 p.m. the plaintiff and the other employee began moving cans, which were sitting next to the curtain wall, in order to keep them dry. These cans contained the materials with which the plaintiff worked. While so engaged, the wall collapsed and the falling brick injured the plaintiff.

At the conclusion of the plaintiff's evidence, the defendant's motion for judgment as of nonsuit was sustained.

*Childers and Fowler by H. L. Fowler, Jr., and W. N. Puett for plaintiff appellant.*

*Mullen, Holland & Harrell by James Mullen for defendant appellee.*

CAMPBELL, J.

### DEFENDANT'S APPEAL

[1]     At the commencement of the trial, Judge Snepp first considered the defendant's plea in bar. The defendant contended that, since Pharr was a wholly-owned subsidiary of the defendant, it was conducting the business of the defendant; the plaintiff thereby occupied a position tantamount to an employee of the defendant; under the North Carolina Workmen's Compensation Act, the only remedy available to such an employee was that provided for pursuant to such act; therefore, this civil action did not lie. After hearing evidence on this question, Judge Snepp entered an order finding that, while Pharr and the defendant had common administrative offices, a common purchasing agent, a common personnel department and a common sales organization, they were nevertheless separate entities for all accounting and tax purposes and, even though they had such common administrative offices, each charged the other for all services actually rendered. Judge Snepp further found that Pharr paid the defendant for the use of the building in question; on 17 June 1964 the plaintiff was performing work under the direction, supervision and control of Pharr; and with respect to this work, the defendant was not conducting the business of Pharr. Based upon his findings of fact, Judge Snepp concluded that the North Carolina Workmen's Compensation Act did not prohibit this action. The defendant thereupon appealed from the denial of its plea in bar.

G.S. 97-9 provides:

> *"Employer to secure payment of compensation.* — Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

G.S. 97-10.1 provides:

> *"Other rights and remedies against employer excluded.* — If the employee and the employer are subject to and have accepted and complied with the provisions of this article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death."

The evidence fully sustained the findings of Judge Snepp that, on 17 June 1964, the plaintiff was the employee of Pharr and the defendant was not conducting the business of Pharr.

The immunity granted by the North Carolina Workmen's Compensation Act applies only between Pharr and the plaintiff. It does not extend to the defendant, even though the defendant is the sole owner of all of Pharr's stock. The defendant and Pharr are separate entities and the plaintiff was not an employee of the defendant. Compare with *McWilliams v. Parham*, 269 N.C. 162, 152 S.E. 2d 117.

The order of Judge Snepp denying the plea in bar was correct and is

Affirmed.

## PLAINTIFF'S APPEAL

[2]   The remaining question for consideration is whether the evidence, when considered in the light most favorable to the plaintiff, giving her the benefit of all permissible inferences which may be drawn from the evidence, presents a case for the jury. If the evidence, when so considered, shows that the defendant violated some legal duty which it owed to the plaintiff and that such breach of duty was the proximate cause of the plaintiff's injury and damage, the plaintiff would be entitled to have the jury pass upon her cause. Otherwise, no case would be presented for the jury.

[3]   There was no contractual duty existing between the plaintiff and the defendant. The only contractual duty was that between Pharr as tenant and the defendant as landlord. The plaintiff was not an employee of the defendant. Therefore, she did not have any stronger rights against the defendant than Pharr, her employer. In *Harrill v. Refining Co.*, 225 N.C. 421, 35 S.E. 2d 240, the test of such a landlord's liability is stated:

> "Ordinarily, the doctrine of *caveat emptor* applies to the lessee; *Gaither v. Hascall-Richards Steam Generator Co., supra; Hudson v. Silk Co.*, 185 N.C., 342, 117 S.E. 165; *Fields v. Ogburn*, 178 N.C., 407, 100 S.E., 583. To avoid foreclosure under this doctrine in an action for tortious injury, he must show that there is a latent defect known to the lessor, or which he should have known, involving a menace or danger, and a defect of which the lessee was unaware or could not, by the exercise of ordinary diligence, discover, the concealment of which would be an act of bad faith on the part of the lessor. 'If the landlord is without knowledge at the time of the letting of any dangerous defect in the premises, he is not responsible for any injuries which result

from such defect.' *Covington v. Masonic Temple Co.*, 176 Ky., 729, 197 S.E., 420. And he is not liable if he did not believe or suspect that there was any physical condition involving danger. *Charlton v. Brunelle*, 82 N.H., 100, 130 A., 216, 43 A.L.R., 1281."

Even in case of a contract to repair, liability for personal injury resulting from a breach of the agreement is ordinarily not within the contemplation of the parties. Only in case of repairs negligently made is there liability. *Robinson v. Thomas*, 244 N.C. 732, 94 S.E. 2d 911.

[4]   The plaintiff asserts that the curtain wall was negligently constructed because no drainage facilities were provided and because a lack of such facilities was an inherently dangerous situation and a latent defect, which the defendant knew about. The evidence fails to show any defect in the construction of the curtain wall, other than the failure to provide for drainage facilities in the event the 6-inch sprinkler system pipe should break. The evidence shows that the pipe, which was of cast iron construction, and the elbow, which was of lead construction, were designed to last one hundred years or longer; the elbow, the point at which the break occurred, was approximately 3 feet underground; this elbow was of proper construction at the time of installation; when the basement area was constructed in 1964, the sprinkler system was extended to provide this area with fire protection; the pipe and elbow were tested with 200 pounds of water pressure, but this pressure was thereafter maintained anywhere from 60 to 125 pounds; the sprinkler system was inspected three or four times per year; and it had been inspected in May prior to the accident in June.

The evidence fails to show that the defendant knew, suspected or had any cause to believe that there was any defect in this elbow or to show that the defendant had actual or constructive knowledge of any inherently dangerous situation or latent defect in the construction of the sprinkler system water line; hence, there was no negligence in the construction of this curtain wall without a drain. The defendant violated no legal duty owed to the plaintiff.

The judgment of the Superior Court of Gaston County is

Affirmed.

BROCK and MORRIS, JJ., concur.