■ MARIE NASTASI et al., Appellants, v NEAL S. HOCHMAN, Respondent, and CESSNA AIRCRAFT COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County, entered March 31, 1977, granting respondent's motion for summary judgment dismissing so much of the complaint as is based upon strict products liability and section 251 of the General Business Law, unanimously affirmed, without costs and without disbursements. This is an action for wrongful death arising from an aircraft crash in Connecticut on September 18, 1970. The crash took the life of the pilot, Vincent Nastasi, and the passenger, Jonel Jorgulesco. The aircraft had been manufactured by defendant Cessna Aircraft Company. On May 1, 1969, defendant and third-party plaintiff Hochman purchased the aircraft from International Aviation Industries. The aircraft was leased to International pursuant to a letter agreement dated April 17, 1969. The lease provided, *inter alia,* that International was required to take reasonable measures to keep the plane airworthy. However, Hochman was permitted to designate the vendors from whom maintenance supplies were purchased. Likewise, upon 24 hours' notice, Hochman could demand the use of the aircraft. Either party could terminate the lease upon 15 days' written notice. At the request of Hochman, International installed a strobe light system on September 12, 1969. On or about May 14, 1970, International also installed a new power supply unit for the strobe light system. For purposes of Hochman's motion to dismiss the Nastasi complaint, the parties stipulated that the crash was caused by an inflight fire of electrical origin and the inflight fire was due to the faulty installation of the strobe light system by International. The parties also agreed that, although unpleaded, the complaint contained a cause of action based upon strict products liability in tort. Justice Chimera granted the motion dismissing the causes of action against defendant Hochman based upon strict products liability and section 251 of the General Business Law. The first issue presented is whether the Nastasi complaint asserted a valid basis for relief under the theory of strict products liability. To recover upon that theory, a plaintiff must show that the defect in the product was the cause of the injuries sustained. *(Jerry v Borden Co.,* 45 AD2d 344, 349.) Upon the present motion, the parties stipulated that the faulty installation of the strobe light system caused the crash. Since we are required to assume that the crash was not caused by a defect in the strobe light system but was caused by its installation, a valid cause of action based upon strict products liability is not asserted. Even if we were to assume that the cause of action in strict products liability was founded on the installation of a defective strobe light system, we would still be required to dismiss this cause of action. As was stressed by Justice Chimera, strict products liability has not been extended in New York State in the lessors of a product. We agree with that Justice's determination that strict products liability should not apply to the casual or isolated lease, but should only apply to those leases made by an individual in the business of leasing a particular product. (Cf. *Stang v Hertz Corp.,* 83 NM 730, 733; see, also, Restatement, Torts [2d], § 402 A, Comment *f.*) In this proceeding, Hochman is a lingerie manufacturer. The lease of his aircraft to International is an isolated transaction. It should be further emphasized that, while Hochman did retain limited supervisory control over the aircraft, International had exclusive control of the installation of the strobe light system and the day-to-day maintenance of the aircraft. For the foregoing reasons, we do not predicate liability against Hochman on the basis of strict products liability. The second issue is whether Hochman should be held liable under section 251 of the General Business Law.

Subdivision 1 thereof provides, *inter alia,* that "every owner of an aircraft should be liable and responsible for death occasioned or injuries to person or property sustained, *within or above this state".* It is undisputed that Vincent Nastasi's death occurred in the State of Connecticut. In view of the fact that his death did not occur in New York State, section 251 of the General Business Law is not controlling and the cause of action based thereon must be dismissed. Concur—Murphy, P. J., Kupferman, Evans, Capozzoli and Lane, JJ.