OPINION OF THE COURT
Martha K. Zelman, J.
This is a motion by the defendant at the end of the plaintiff’s case, to dismiss the plaintiff’s action for failure to make out a prima facie case against the defendant, News Building Corporation, based on the defense that any injuries and/or damage the plaintiff may have sustained as alleged in his complaint, were caused and/or contributed to by the acts of fellow servants and/or coemployees of the plaintiff, Anthony Fioranelli; and that by virtue of this premise, section 29 of the Workers’ Compensation Law of the State of New York is the plaintiff’s sole and exclusive remedy for any bodily injuries and damages sustained.
The court must first pass on the defendant’s two previous motions pursuant to CPLR 3211 (subd [a]), to dismiss the complaint on the ground that plaintiff’s exclusive and sole remedy is under the Workers’ Compensation Law. Defendant contends that there was no corporate entity News Building Corporation and the fact that the owner of the building in which plaintiff was allegedly injured was also plaintiff’s employer. The Honorable Justice Mario Cariello ruled that "Inasmuch as plaintiff’s affidavit raises questions of fact with respect to above contentions of defendant, defendant’s motion to dismiss the complaint is denied”. On February 10, 1978, defendant’s attorney renewed the same motion on grounds that plaintiff’s exclusive and sole remedy is under Workers’ Compensation Law. CPLR 3211 (subd [a]) states: "Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. a defense is founded upon documentary evidence”.
Justice Martin Rodell this time stated in passing on the second motion: "The defendant submits that its renewed motion is tardy due to the need to search the corporate records. The Court finds this excuse to be unsatisfactory as a matter of law. The Court believes that to grant the relief *827 sought at this stage of the proceedings would prove prejudicial to the plaintiff. Accordingly, the Court finds that the defendant is guilty of loches.” (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR 3211, C3211:70, entitled "Denial of 3211 Motion as 'Law of the Case’.”)
The "Law of the Case” doctrine is a kind of intra-action res judicata. Within the framework of a single action it prevents relitigation of a point already adjudicated in it. The denial of a motion under CPLR 3211 will generally invoke this doctrine and prevent the adjudicated point from again being litigated.
Thus, the denial of a motion to dismiss for, e.g., lack of jurisdiction of defendant’s person adjudicates that the court has such jurisdiction and precludes litigation. While the defendant may appeal the order denying the motion (see CPLR 5701, subd [a], par 2), and may do so immediately or as part of an appeal from the later occurring final judgment on the merits (see CPLR 5501, subd [a], par 1), he may not (after denial of the motion) plead the objection as a defense in his answer and expect that the Trial Judge is going to hear the matter afresh.
But the doctrine is invoked only when the court has actually adjudicated the point urged on the motion. If it has denied the motion without prejudice to its assertion by way of defense in a responsive pleading or otherwise indicated that it is not passing upon it but is rather deferring it to the trial or some later pretrial juncture, which the court has express power to do under CPLR 3211 (subd [d]), the matter is in no sense disposed of and may of course be litigated at that future time.
If the point was adjudicated the loser cannot raise the point at trial level again. Of course, he may move to reargue the motion; or, if he has additional and recently uncovered proof justifying a different result he may renew the motion, but that is a different matter entirely.
It is the opinion of this court that there was no decision on the merits with respect to defendant’s prior motion or renewal thereof. Justice Camello dismissed the original motion saying that it was a question of fact for trial. Justice Rodell denied the motion on renewal stating that the defendant was guilty of loches in that he took so long to renew the motion. Neither Judge passed on the merits as to whether the defense raised herein was valid or not. Therefore, it is not res judicata or the law of the case.
*828 This is an action brought to recover damages for severe personal injuries as suffered by plaintiff, Anthony Fioranelli, on October 19, 1974, when in the course of his employment with New York News, Inc., a ventilation duct emptied itself on plaintiff’s head and face. It has been defendant’s contention that plaintiff does not have capacity to maintain this suit on the ground that his employer New York News, Inc., was the owner of the building in which injuries were sustained. Plaintiff contends that the building 220 East 43rd Street, City and State of New York, was owned by a separate corporate entity, i.e., News Building Corp., and therefore plaintiff has an action at law available to him as against that defendant.
A history of the ownership of the building in question shows that on July 1, 1957, title passed from News Syndicate Co., Inc., to News Building Corp. That deed was later recorded on March 25, 1959. In May of 1963, there was a merger between News Building Corp. and News Syndicate Co., Inc., with News Syndicate Co., Inc., remaining as the surviving corporation. A certificate of merger was filed with the Department of State, but not in the County Register’s office. Finally, on April 28, 1970, News Syndicate Co., Inc., changed its name to New York News, Inc. and filed a change of name certificate to that effect. The change of name was filed with the Department of State, but again, not with the County Register’s office.
What this all means is that when plaintiff searched the record, the record owner of the building was News Building Corp. However, by virtue of section 906 (subd [b], par [2]) of the Business Corporation Law, the real owner was and is New York News, Inc. (formerly News Syndicate Co., Inc.).
Two sections of law are applicable in this situation; section 906 (subd [b], par [2]) of the Business Corporation Law which reads "When such merger or consolidation has been effected: * * * (2) All the property, real and personal, including subscriptions to shares, causes of action and every other asset of each of the constituent corporations, shall vest in such surviving or consolidated corporation without further act or deed” (emphasis supplied), and subdivision (d) of section 905 of the Business Corporation Law which reads "The surviving corporation shall thereafter cause a copy of such certificate, certified by the department of state, to be filed in the office of the official who is the recording officer of each county in this state in which real property of a constituent corporation is situated.”
*829 This court finds that under section 906 (subd [b], par [2]), the owner of the building at the time of this accident was New York News, Inc. and, therefore, plaintiffs only remedy is under the Workers’ Compensation Law. Subdivision (d) of section 905, although it requires a filing of the certificate of merger in certain counties, is procedural in nature and must give way to the substantive law of section 906 (subd [b], par [2]).
This court finds that there is an apparent confusion in the law wherein it requires a merging corporation under section 906 of the Business Corporation Law to file with the State Department and not to require merging corporations who are the owners of real property to file in the counties where it is located. This may be a great disadvantage to the public. It will lead the world and the public to believe one person is the owner of property and never alert them as to the true owner of the property. This might also aid parties to maneuver corporations back and forth and create a mechanism whereby the protection of bona fide purchase of property and mortgages of credits would be lost. Innocent persons could generally be confused. A great wave of fraud by the backward and forward movement of conveyances without recording in the county of which the property is located could be brought about. Therefore, accordingly the law being such as it is, the court must find for the defendant and dismiss plaintiffs cause of action since the defendant provided workers’ compensation insurance for plaintiff employee and said policy was in full force and effect available to the plaintiff and the plaintiff must avail himself of said compensation benefits. (See Workers’ Compensation Law, § 11.)
By reason of this section, plaintiff has no claim or cause of action against defendant.