■    Angelina Rosse, Appellant, v Scott A. Sobsey, Respondent.—Order of the Supreme Court, Kings County, dated February 9, 1979, affirmed, without costs or disbursements (see *London v Moore,* 32 AD2d 543). Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.

■    Emanuel Samaras et al., Respondents, v Gatx Leasing Corp. et al., Defendants, and Dynalectron Corporation, Appellant.—In an action to recover damages for personal injuries, etc., defendant Dynalectron appeals from so much of an order of the Supreme Court, Queens County, dated June 22, 1979, as denied its motion to dismiss the plaintiffs' complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. The details of the transaction sued upon are not clear. Apparently, the lease between Gatx Leasing Corporation and appellant was either assigned or sublet to Servair, Inc., appellant's wholly-owned subsidiary and plaintiff Emanuel Samaras' employer. On this record, we cannot, as a matter of law, dismiss plaintiffs' claim based on strict liability in tort. It is clear that at least some leases will give rise to an action for strict products liability *(Nastasi v Hochman,* 58 AD2d 564). Since the motion to dismiss was addressed to the complaint as a whole, it must be denied in its entirety upon a determination that one of the causes of action asserted by the complaint is legally sufficient *(De Maria v Josephs,* 41 AD2d 655). We are also of the opinion that the plaintiffs' suit is not barred by section 11 of the Workers' Compensation Law. Although appellant is the sole stockholder of Servair, Inc., it is obviously a separate and independent corporation having some 31 other subsidiaries. Thus, it is not plaintiff Emanuel Samaras' "employer" for the purposes of section 11 *(Boggs v Blue Diamond Coal Co.,* 590 F2d 655, 662, cert den 444 US 836; accord, *Latham v Technar, Inc.,* 390 F Supp 1031; *Thomas v Hycon, Inc.,* 244 F Supp 151; cf. *Thomas v Maigo Corp.,* 37 AD2d 754; *Daisernia v Co-Operative G. L. F. Holding Corp.,* 26 AD2d 594; *Foley v New York City Omnibus Corp.,* 112 NYS2d 217). Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.