402 So.2d 550 (1981)
Karl J. WILKERSON and Gloria Wilkerson, Appellants,
v.
GULFSTREAM LAND AND DEVELOPMENT CORPORATION, Appellee.
No. 80-978.
District Court of Appeal of Florida, Fourth District.
August 19, 1981.
Salvatore V. Fiore of Fiore & Bloomgarden, P.A., Fort Lauderdale, for appellants.
Robert M. Klein of Stephens, Lynn, Chernay & Klein, Miami, for appellee.
HURLEY, Judge.
This appeal follows the entry of a summary final judgment which prevented appellants from maintaining a personal injury action against appellee. The issue presented on appeal is whether a parent corporation of a wholly owned subsidiary is immunized from third party tort liability by virtue of its subsidiary's having paid out workmen's compensation benefits. We think not and therefore, we reverse.
Karl J. Wilkerson sustained injuries while employed by Gulfstream Utilities Corporation, a wholly owned subsidiary of appellee, Gulfstream Land and Development Corporation. The injuries were incurred when Wilkerson fell into a hole located in certain real property owned by appellee. Following the accident, Wilkerson filed a workmen's compensation claim against his employer Gulfstream Utilities Corporation and its workmen's compensation carrier, and received benefits pursuant to that claim. In addition, the Wilkersons instituted this negligence suit against appellee as the owner of the premises on which the accident occurred, seeking to recover for personal injury and loss of consortium. Since its subsidiary had paid compensation benefits to Wilkerson and the two corporations shared the same insurance policy, appellee moved for summary judgment claiming immunity from an independent tort action. When summary final judgment was entered in favor of appellee, appellant took this appeal.
We acknowledge that in Goldberg v. Context Industries, Inc., 362 So.2d 974 (Fla.3d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979), our sister court found that an independent tort action against a parent corporation was barred where the plaintiff employee had collected workmen's compensation benefits from the parent's wholly owned subsidiary and the two corporations were jointly insured on the same compensation policy. However, we do not believe that a parent corporation must necessarily be shielded from suit by an employee of its subsidiary. Rather, we align ourselves with those jurisdictions which have dealt with this issue and have uniformly upheld the right of the subsidiary's employee to maintain such an independent action. See, e.g., Boggs v. Blue Diamond Coal Co., 590 F.2d 655 (6th Cir.), cert. denied, 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979) (applying Kentucky law); Choate v. Landis Tool Co., *551 486 F. Supp. 774 (E.D.Mich. 1980); O'Brien v. Grumman Corp., 475 F. Supp. 284 (S.D.N.Y. 1979) (applying Georgia law); Latham v. Technar, Inc., 390 F. Supp. 1031 (E.D.Tenn. 1974); Thomas v. Hycon, Inc., 244 F. Supp. 151 (D.D.C. 1965) (applying Maryland Law); Mingin v. Continental Can Co., 171 N.J. Super. 148, 408 A.2d 146 (1979); Samaras v. Gatx Leasing Corp., 75 A.D.2d 890, 428 N.Y.S.2d 48 (2d Dep't 1980); Phillips v. Stowe Mills, Inc., 5 N.C. App. 150, 167 S.E.2d 817 (1969).
The result herein is dictated by basic corporate law principles which require that the corporate fiction be recognized and the corporate veil only be pierced where the corporate structure is used fraudulently. In analyzing the parent/subsidiary problem we now face, the court in Boggs v. Blue Diamond Coal Co., supra, explained:
[A] business enterprise has a range of choice in controlling its own corporate structure. But reciprocal obligations arise as a result of the choice it makes. The owners may take advantage of the benefits of dividing the business into separate corporate parts, but principles of reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee.
590 F.2d at 662.
The fact that appellee and its subsidiary were covered under the same workmen's compensation insurance policy would not alter this reasoning. O'Brien v. Grumman Corp., supra; Mingin v. Continental Can Co., supra.
Accordingly, the summary final judgment herein is reversed and the cause is remanded for proceedings consistent herewith.
Reversed and Remanded.
ANSTEAD and GLICKSTEIN, JJ., concur.