CHARLES HUGHEY, Plaintiff-Appellant, *v.* HOFFMAN ROSNER CORPO-RATION *et al.*, Defendants-Appellees.

First District (5th Division)    No. 81—2417

Opinion filed September 29, 1982.

634

Cooney and Stenn, of Chicago (Kevin J. Conway, of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, P. C., of Chicago (Algimantas Kezelis and Lew J. Campione, of counsel), for appellees.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff, Charles Hughey, appeals from the trial court's order granting defendant's motion to dismiss. On appeal, plaintiff contends that: (1) The Hoffman Group, Inc. (Hoffman), is a distinct and separate corporate entity from the Western Construction Company (Western); (2) Western Construction Company and not Hoffman should be considered plaintiff's employer as a matter of law; and (3) since Western is a subsidiary of The Hoffman Group, Inc., it is not immune by virtue of the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)) to an action for damages sustained in the course of plaintiff's employment. We affirm the trial court's decision.

The Hoffman Group, Inc., is a holding company and general contractor engaged in the business of developing, building and selling residential properties. It has a number of subsidiaries that do development work.

Western Construction Company, Inc., handles carpentry and concrete projects. Incorporated in January 1977, it was a wholly owned subsidiary of Hoffman Enterprises. Hoffman Enterprises is a wholly owned holding company of The Hoffman Group, Inc.

In June 1977, The Hoffman Group, Inc., merged Western and Tri-Co Builders Supply Company, another wholly owned subsidiary, into itself. All of Western's and Tri-Co Builders' stock was retired and cancelled to form a new corporation bearing the same name as the old one, Western Construction Company. Except for its president, the divisional officials of Western were elected to hold the same respective

offices in the new corporation. All of the shares of the new corporation were owned by The Hoffman Group, Inc.

Plaintiff was hired as a carpenter by Western Construction Company prior to its merger in 1977. He was injured on October 10, 1978, while working on a scaffold. He subsequently filed a claim under the Workmen's Compensation Act as well as a cause of action for his injury in the circuit court of Cook County against The Hoffman Group. Although plaintiff received a lump sum settlement from the Workmen's Compensation Board, his action in the circuit court was dismissed.

In reaching its decision, the trial court stated that plaintiff had failed to present any counteraffidavits to rebut defendant's evidence that (1) at the time of plaintiff's injury, Western was no longer a subsidiary but had been merged to become a wholly owned division of The Hoffman Group, Inc., (2) that the sole purpose of the newly formed corporation was to protect the name of Western in Illinois, (3) that by virtue of the merger, The Hoffman Group and not Western was plaintiff's employer, and (4) plaintiff's cause of action against Hoffman was therefore barred by the workmen's compensation statute.

Plaintiff filed a motion for rehearing, which was granted. Upon rehearing, the trial court affirmed its earlier decision and denied plaintiff's motion to vacate the order of dismissal. Plaintiff appealed.

OPINION

■ Plaintiff's main argument is that The Hoffman Group is a distinct and separate corporation from Western Construction Company and that it should not be considered plaintiff's employer as a matter of law. This factual determination rests with the trial court since it is well established in Illinois that section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)) serves as a bar to all other remedies of an employee against his employer (*Walker v. Berkshire Foods, Inc.* (1976), 41 Ill. App. 3d 595, 354 N.E.2d 626). We believe that the trial court correctly reached its decision that at the time of the injury Hoffman and Western were not separate corporate entities and that plaintiff is therefore barred by the workmen's compensation statute from bringing this cause of action.

There is ample evidence in the record to support the trial court's decision. A significant fact is that the merger changing Western's status from a subsidiary to a division occurred the year prior to plaintiff's injury, not during the aftermath of his workmen's compensation or circuit court claim for damages. The reason for the merger, aside

from "protecting the name of Western Construction Company in Illinois," is not clear in the record, but, nonetheless, defendant's argument that the merger produced a new division was uncontradicted by counteraffidavits. Also, as the court pointed out upon rehearing, plaintiff did not present any persuasive information concerning the relationship between Hoffman and Western.

Except for its president, Western has the same officers as The Hoffman Group. Hoffman's treasurer, James K. Baumann, testified in a deposition that Western's payroll checks are issued with The Hoffman Group's name printed on them. These payroll funds are drawn under The Hoffman Group account. In addition, financial returns for Western were not filed separately after the merger with The Hoffman Group, Inc. The trial court properly relied on these unchallenged facts in reaching its decision to dismiss plaintiff's cause of action.

Plaintiff next contends that defendant should not be allowed to pierce its own corporate veil in order to disregard the separate entities of Western and Hoffman.

Defendants have uniformly been denied the opportunity to pierce their own corporate veil in order to avoid liability (see *Thomas v. Hycon, Inc.* (D.D.C. 1965), 244 F. Supp. 151). Moreover, the equitable doctrine of piercing the corporate veil has been used in Illinois as a remedy in instances where the facts establish that the existence of separate corporations is a mere fiction and the observance of this fiction would, in effect, sanction a fraud (*Edwards v. Chicago & Northwestern Ry. Co.* (1967), 79 Ill. App. 2d 48, 233 N.E.2d 163). An allegation of fraud was not made in the instant case, however. Plaintiff merely states that nonrecognition of Hoffman and Western as separate entities would present an obstacle to his cause of action. This statement, without more, is unpersuasive. Plaintiff failed to show how or in what way Hoffman, the principal corporation, treated Western as a separate, albeit wholly owned entity. See *C M Corp. v. Oberer Development Co.* (7th Cir. 1980), 631 F.2d 536, 538, wherein the court of appeals held that there *must* be proof of the prerequisites to piercing the corporate veil in order for the doctrine to be invoked.

In the absence of proof that Western retained its corporate status as a separate entity from The Hoffman Group after its merger on June 10, 1977, we must affirm the trial court's decision.

Plaintiff relies on cases which hold that employees of a subsidiary corporation may sue a parent corporation despite the existence of a workmen's compensation statute. This reliance is inappropriate because they are distinguishable from the present case.

In *Thomas v. Hycon, Inc.* (D.D.C. 1965), 244 F. Supp. 151, the

defendant was a wholly owned subsidiary with business interests different and distinct from the parent company. The two entities maintained separate accounts, did not share profits and losses and had no joint proprietary interest or right of mutual control over the subject matter of the enterprise. These facts are inapplicable to the case at bar. James K. Baumann, treasurer of The Hoffman Group, Inc., stated in a discovery deposition that Western's payroll is drawn from the Hoffman account and that a consequence of the merger was that Hoffman assumed Western's financial liabilities. He further testified that The Hoffman Group filed one Federal income tax return, one State income tax return and one unemployment and social security return for itself and Western. Baumann's testimony strengthens defendant's argument that Western is a wholly owned division and not a subsidiary, as it once was.

In *Index Drilling Co. v. Williams* (1962), 242 Miss. 775, 137 So. 2d 525, a case also cited by plaintiff, the court held that an employee of one of five wholly owned, separate corporations could bring an action for injuries against the parent. The Mississippi Supreme Court upheld a lower court's decision that the parent conducted its business through separate corporations and not, as Index Drilling argued, as five departments or divisions. (242 Miss. 775, 785, 137 So. 2d 525, 528.) A decisive factor in the court's opinion which was addressed at length was that the injured employee had never been hired by and had always worked for only one of the five corporations. The court said that since the employee had not been expressly or impliedly "loaned" as a worker to the parent corporation, he retained his status as an employee of one of the corporation's subsidiaries. (242 Miss. 775, 788, 137 So. 2d 525, 529-30.) The court held that the employee could bring his cause of action against the parent corporation despite his workmen's compensation lump sum settlement.

In the case at bar, however, plaintiff's focus is on the relationship between two corporations, Western and Hoffman, and not, as in *Index Drilling Co.*, on the "lent servant doctrine" which addresses the employment status of an employee. *Index Drilling* is therefore unpersuasive on the issue of Western's relationship to The Hoffman Group.

Plaintiff cites additional cases, including *Phillips v. Stowe Mills, Inc.* (1969), 5 N.C. App. 150, 167 S.E.2d 817. The court held in *Phillips* that the plaintiff's employer was a wholly owned subsidiary and not immune by virtue of the workmen's compensation statute from a common-law action. In *Phillips*, however, the subsidiary and parent were separate entities for all tax and accounting purposes, each charged the other for services actually rendered, and on the day of

the injury the employee was performing work under the supervision and control of her employer. The distinctions between corporate entities in *Phillips* are not present in the facts of the instant case. There is no evidence that Hoffman or Western charged the other for jobs that were performed; the unitary accounting and tax reporting methods Hoffman used were verified by its treasurer and remained uncontested. Again, we are unpersuaded by *Phillips* as well as plaintiff's remaining cases.

■ We recognize the general rule that holding companies and subsidiaries are separate legal entities. (*Divco-Wayne Sales Financial Corp. v. Martin Vehicle Sales* (1963), 45 Ill. App. 2d 192, 195 N.E.2d 287.) Before this rule can be applied to the case at bar, however, there must be evidence to support the allegation that a parent-subsidiary relationship exists. Such evidence is absent here.

Further, the record does not show whether plaintiff raised a question in the hearing before the Industrial Commission as to whether Hoffman or Western was responsible for payment of the award for his injury, although the record does disclose that plaintiff told the trial court that defendant's attorneys had prepared the workmen's compensation claim form. Apparently, nothing more was said about Hoffman's name remaining on this form. We can only assume that plaintiff acquiesced to Hoffman's acceptance of liability. Failure to address this point by counteraffidavit weakens plaintiff's argument that Hoffman and Western are distinctly separate corporate entities.

Additionally, the trial court found nothing to rebut the affidavits of Karen Meehan or Hoffman treasurer, James K. Baumann. Both affidavits state that Western was incorporated solely to protect its name in Illinois.

Upon rehearing, the court's primary concern was whether plaintiff had any new evidence. Plaintiff presented excerpts of James K. Baumann's earlier deposition and his affidavit and again relied on Karen Meehan's affidavit. Defendant argued, as before, that Western was a division and not a subsidiary of The Hoffman Group, Inc., that it functions solely as a name-holder corporation and that Hoffman and Western are one and the same legal entity for the purposes of the workmen's compensation statute. The trial court held that defendant's evidence remained essentially uncontradicted and denied plaintiff's motion to vacate the order of dismissal.

Accordingly, we hold that the trial court did not err in dismissing the complaint against The Hoffman Group, Inc., as barred by section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138—5(a)).

The order of dismissal entered by the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.