■ STATION PUMP & TANK MAINTENANCE & CONSTRUCTION, INC., Respondent, v SCORE OIL CORP. et al., Appellants, et al., Defendants.—In an action to declare the validity of a mechanic's lien and to recover for labor and materials provided pursuant to contract, defendants Score Oil Corp. and Union Indemnity Insurance Company of New York appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 10, 1984, which denied their motion, *inter alia,* to vacate a prior default judgment entered by the clerk of the court in plaintiff's favor in the amount of $69,555.53.

Order affirmed, with costs.

Defendants Score Oil Corp. and Union Indemnity Insurance Company of New York assert several grounds on this appeal for the vacatur of the default judgment entered against them and the opening of their default.

We find unpersuasive those arguments which urge that the default should be opened. First, we do not agree with the appellants' contention that the motion to strike allegedly prejudicial allegations from the complaint was impliedly granted by Special Term. While the order involved could have

been more artfully drafted, it is clear that Special Term denied the CPLR 3024 motion to strike by defendant Score Oil. As such, plaintiff was under no duty to serve an amended complaint pursuant to CPLR 3024 (c) and the appellants' failure to timely serve an answer was inexcusable. Furthermore, we note that insofar as the appellants sought to vacate the default judgment pursuant to CPLR 5015 (a) (1), they not only failed to assert a reasonable excuse for their laxity, but also failed to demonstrate a meritorious defense to the underlying action. The absence of an affidavit of merits or its equivalent upon a motion to vacate a default pursuant to CPLR 5015 (a) (1) is fatal (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693; Weber v Victory Mem. Hosp. 98 AD2d 719).

Moreover, we reject the appellants' claim that they were fraudulently induced to delay service of an answer and that a vacatur is therefore required under CPLR 5015 (a) (3). The record is devoid of any facts which would even remotely suggest such fraud on the part of plaintiff. Furthermore, the contention that the order appealed from violates the doctrine of "law of the case" because its description of the nature of plaintiff's action differed somewhat from the description given in a prior order of the same court, is likewise specious. That doctrine applies only to adjudicated matters (see, Holloway v Cha Cha Laundry, 97 AD2d 385; Globe Indem. Co. v Franklin Paving Co., 77 AD2d 581; Fioranelli v News Bldg. Corp., 102 Misc 2d 825).

Appellants also contend, for the first time on appeal, that a vacatur of the default judgment is mandated because the clerk of the court lacked the authority to enter judgment on the "sum certain" claim, which was "mixed and mingled with claims for other forms of relief" (see, e.g., Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423). This argument was not presented at Special Term and therefore the record on appeal is insufficient for us to determine the issue. Accordingly, we do not reach this last contention and the order of Special Term is affirmed. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.