■ Brian E. Levensen, Appellant, v Berkey Professional Processing, Inc., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered February 8, 1985, which, *inter alia,* granted the cross motion of the defendant Berkey Professional Processing, Inc., dismissing the complaint in its entirety.

Order modified by reinstating the complaint as against the defendant Kevin P. McCune doing business as McCune Maintenance Company. As so modified, order affirmed, without costs or disbursements.

On January 25, 1984, the plaintiff, during the course of his employment as a route driver for Berkey Film Processing of New Jersey, Inc. (hereinafter Film Processing), was injured when he fell on ice in a parking lot of premises owned by

Berkey Professional Processing, Inc. (hereinafter Professional). He commenced the instant action against Professional, as well as the maintenance company which had contracted with Professional to remove snow and ice from the premises. Professional interposed an amended answer to the plaintiff's complaint, asserting, *inter alia,* as a second affirmative defense that the action was barred by Workers' Compensation Law § 11 since both Film Processing, the plaintiff's direct employer, and Professional, the owner of the property where the accident occurred, were, at the time, divisions of Berkey Photo, Inc., and no longer separate corporate entities by virtue of mergers which had become effective in 1981 and 1973, respectively. The plaintiff thereafter moved to strike the second affirmative defense on the ground that Film Processing and Professional nevertheless held themselves out to the public as separate from Berkey Photo, Inc. Professional cross-moved for summary judgment dismissing the complaint. Special Term denied the plaintiff's motion and awarded summary judgment in favor of Professional.

Since the undisputed evidence established that at the time of the plaintiff's accident Berkey Photo, Inc., was the sole surviving corporation and Film Processing and Professional were merely divisions thereof, we agree with Special Term that the common-law tort action against Professional was barred by Workers' Compensation Law § 11 *(see, O'Rourke v Long,* 41 NY2d 219, 222; *cf. Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152).

Unlike this case, the plaintiffs in both the cases of *Gregory v Garrett Corp.* (578 F Supp 871) and *Boggs v Blue Diamond Coal Co.* (590 F2d 655, *cert denied* 444 US 836), upon which the plaintiff herein heavily relies, were employed either by the parent or subsidiary corporation of the defendant who was asserting the affirmative defense of the Workers' Compensation Law as the exclusive remedy against it. Clearly, in those situations, the corporations chose to retain separate and distinct identities regardless of the degree of control exercised by one over the other, and therefore the courts recognized that it would have been inequitable to permit them to shield themselves from tort liability while benefiting by the relationship in other respects *(see also, Samaras v Gatx Leasing Corp.,* 75 AD2d 890).

Furthermore, we do not find any deception on the part of Berkey Photo, Inc., which would warrant a different result *(cf. Fioranelli v News Bldg. Corp.,* 102 Misc 2d 825). The merger itself was a matter of public record. The mere fact that there

were separate telephone listings under the original corporate names or that the plaintiff was paid by the New Jersey office is not sufficient evidence of independence to determine that a genuine triable issue of fact exists as to the applicability of the Workers' Compensation Law *(see, Claudio v Lefrak,* 100 AD2d 837).

However, the complaint should not have been dismissed against the defendant McCune, who was a third-party tort-feasor and not immunized by the Workers' Compensation Law *(see, Coley v Ogden Mem. Hosp.,* 107 AD2d 67). Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.