UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER L. WATKINS,
Plaintiff-Appellant,

v.

No. 97-2714

CHARLES VOTAW; SHIRLEY VOTAW,
his wife; OUTER BEACHES REALTY,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-96-26-3-BO)

Submitted:  October 30, 1998

Decided: November 30, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Donald Cooper, Ft. Lauderdale, Florida, for Appellant.
Charles M. Lollar, HEILIG, MCKENRY, FRAIM & LOLLAR, P.C.,
Norfolk, Virginia, for Appellees Votaw. James Miller Stanley, Jr.,
Jennefer Jane Cross, STANLEY & RHODES, L.L.P., Greenville,
North Carolina, for Appellee Outer Beaches.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Roger L. Watkins brought this diversity action for damages after a bedroom window in a house owned by Defendants Charles and Shirley Votaw and managed by Defendant Outer Beaches Realty slammed shut on his hand, severing one of his fingers. The district court granted the Defendants' summary judgment motions, concluding that Defendants satisfied their duty to warn of any latent defects by posting a warning sign and sealing the window. We affirm.

We consider the facts in this case in the light most favorable to Watkins, the nonmovant.[1] Transatlantic Builders, Inc. (TBI), a subcontractor for Hatteras Island Construction (HIC), hired Watkins in April 1994 to assist in repairing structures damaged by a recent hurricane. As housing for Watkins and other temporary employees, HIC rented the Votaws' house from their rental agency, Outer Beaches. In 1993, the Votaws informed Outer Beaches that one of the bedroom windows was broken and would not stay open. Instead of repairing the damaged window, the Votaws sealed the window with tape and posted a sign in a prominent place, warning not to open the window. An agent of TBI inspected the property prior to taking possession and observed the warning sign.

Watkins consumed several beers at a local bar before moving into the house. When Watkins moved his belongings into his room, he attempted to open the broken window. Once opened, the window slammed shut on Watkins's hand. He alleges he had never been in that bedroom before and that there was no warning sign posted on the window.

_____

[1] **See Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 255 (1986).

2

Under North Carolina law, Watkins has no stronger rights as an employee of TBI against Defendants than TBI has as the tenant.**2** Generally, for landlord-tenant disputes, North Carolina applies the doctrine of caveat emptor with one narrow exception: if the landlord knows of and conceals a latent defect that involves a menace or danger which the tenant does not know or could not have reasonably discovered.**3**

Here, we find that Defendants did not conceal the latent defect. When TBI leased the premises, the prominently located sign warning not to open the window put TBI on notice of the defective window. Since there is no evidence of an agreement between the landlord and the tenant that Defendants would repair the window, Defendants were under no obligation to do so.**4** Thus, we find Defendants satisfied any duty owed to TBI and to Watkins and affirm the district court's order granting them summary judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**2** **<u>See Phillips v. Stowe Mills, Inc.</u>**, 167 S.E.2d 817, 820 (N.C. App. 1969).
**3** **<u>See Harrill v. Sinclair Ref. Co.</u>** , 35 S.E.2d 240, 242-43 (N.C. 1945).
**4** **<u>Id.</u>** at 242.