**Steven M. HASTINGS and Angela M. Hastings, Plaintiffs,**

v.

**TRINITY BROADCASTING OF NEW YORK, INC. and Jeffrey D. Montanye, Defendants.**

No. 00 Civ.1014(CM).

United States District Court, S.D. New York.

Feb. 14, 2001.

Steven H. Beldock, Birbrower, Montalbano, Condon & Frank, PC, New York City, for plaintiffs.

Gary A. Cusano, Tarrytown, NY, for defendants.

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS–MOTION TO DISMISS AFFIRMATIVE DEFENSE

MCMAHON, District Judge.

*Background*

Plaintiff Steven M. Hastings ("Hastings") sustained serious injuries from electric shock while working on a television transmitter on Illinois Mountain in Highland, New York on September 24, 1998. It is undisputed that Defendant Jeffrey Montanye ("Montanye"), an employee of Defendant Trinity Broadcasting New York ("Trinity"), accidentally pushed a "beam on" switch causing Hastings' injuries. It is also undisputed that Hastings has recovered workers' compensation from his employer, Trinity Broadcasting Network ("Network"), for these injuries.

The issue before the Court is whether Hastings may seek additional recovery from Trinity and Montanye, or whether such action is barred by the exclusivity of workers' compensation based upon the relationship between Trinity and Network. Under New York law, Trinity cannot avail itself of Network's workers' compensation defense. Therefore, Defendants' motion for summary judgment on the ground that workers' compensation provides the only remedy for Plaintiff must be denied, and Plaintiff's cross-motion to dismiss the affirmative defense of workers' compensation is granted.

*Grounds for Decision*

It is well established that summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In moving for summary judgment, the court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *See id.* at 255, 106 S.Ct. 2505. However, to defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The relevant portion of section 11 of the New York Workers' Compensation Law provides that "[t]he liability of an employer [to pay workers' compensation] ... shall be exclusive and in place of any other liability whatsoever, to such employee ..." N.Y.Work.Comp.Law § 11 (McKinney 2000). The purpose of the exclusivity of this remedy is to foreclose the possibility of duplicative recoveries. *Werner v. State,* 53 N.Y.2d 346, 354, 441 N.Y.S.2d 654, 424 N.E.2d 541 (1981). However, New York recognizes the apportionment of liability according to fault. *See* N.Y.Gen. Oblig.Law § 15–108 (McKinney 2000); *Dole v. Dow Chem.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972); *In Re Eastern and Southern Districts Asbestos Litigation,* 772 F.Supp. 1380 (1991). Therefore, while workers' compensation "precludes recovery in a civil action

against the *employer*", *O'Rourke v. Long*, 41 N.Y.2d 219, 227, 391 N.Y.S.2d 553, 359 N.E.2d 1347 (1976) (emphasis added), it does not preclude recovery against unrelated, contributing third parties. *See Gregory v. Garrett Corp.*, 578 F.Supp. 871, 879 (1983). New York, in particular, "has adopted the most pro-third-party [liability] approach of any state in the United States, one which stresses fairness ... and downplays the exclusive liability [of] workers' compensation ..." *Id.* In fact, "almost all [states] have a strong policy of preserving the employee's rights to bring tort claims against any culpable parties who are 'strangers' to the employment relationship." *Gregory*, 578 F.Supp. at 887.

■ In New York, this limited application of the exclusivity of workers' compensation results in greater exposure to liability for related corporations who maintain autonomy on paper. "[T]he one who has gained the advantages of separate incorporation must also be willing to accept the consequences of such incorporation." *Gregory*, 578 F.Supp. at 886. As a result, New York courts tend to regard corporations which choose to "shield themselves from tort liability [through separate incorporation] while benefitting by the relationship in other respects" as separate entities. *Levensen v. Berkey Professional*, 122 A.D.2d 867, 868, 505 N.Y.S.2d 913 (2nd Dep't 1986). It follows from *Gregory* and *Levensen* that a legally separate subsidiary will be unsuccessful asserting as a defense the plaintiff's recovery of workers' compensation against the parent. *See, e.g., Rosenburg v. Angiuli Buick, Inc.*, 220 A.D.2d 654, 632 N.Y.S.2d 658 (1995); *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655, cert. den. 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979); *Samaras v. Gatx Leasing Corp.*, 75 A.D.2d 890, 428 N.Y.S.2d 48 (1980).

■ Plaintiff argues that Hastings was not employed by Trinity at the time of the accident, and Trinity is not a partner of Network for the purposes of workers' compensation. Therefore, according to Plaintiff, section 11 does not preclude this separate civil suit for damages, and Defendant should be precluded from asserting the affirmative defense of the exclusivity of workers' compensation. (Pl.'s Mem. of Law in Supp. of Cross–Mot. at 2–3.) However, Defendants vigorously dispute that Trinity and Network are separate entities, claiming instead that Network in fact controls Trinity and that they are merely "alter egos." (Def.'s Mem. in Reply to Pl.'s Opp. at 5.) Thus, according to Defendants, Plaintiff's exclusive remedy for the accident in question was the workers' compensation he already received from Network. Defendants are wrong as a matter of law.

The record does indicate a close relationship between Trinity and Network. For example, Hastings' original injury report was filed by Grace Cephas ("Cephas"), Trinity Station Manager, listing Trinity (not Network) as Hastings' employer at the time of the accident. (Employer's Report of Injury/Illness, attached as Ex. B to Pl.'s Not. of Cross–Mot.) Cephas is a director on Trinity's Board who also attends the annual meeting of Network; she called Trinity a "satellite" of Network and was unclear about Trinity's independent incorporation. (Dep. of Grace Cephas, attached as Ex. F to Pl.'s Not. of Cross–Mot. at 11–12 ("Cephas Dep."); *see also* "Attachment 1: Officers and Directors", attached as Ex. D to Pl.'s Not. of Cross–Mot.; *see also* Minutes from 1997 Annual Meeting of Network, attached as Ex. D to Pl.'s Not. of Cross–Mot. ("Network Minutes").) Moreover, a third entity not named in this suit, Trinity Christian Center of Santa Ana ("Santa Ana"), also appears to be intimately connected to Network and Trinity. Trinity's and Santa Ana's taxes reflect a Tustin, California address (Network's hometown) and list Allan Brown as their bookkeeper; Allan Brown delivered financial reports at Network's and Santa Ana's annual meetings as a board member of each organization. (*See* Network Minutes, attached as Ex. D to Pl.'s Not. of Cross–Mot. at 2; Minutes

from 1998 Annual Meeting of Santa Ana, attached as Ex. D to Pl.'s Not. of Cross–Mot. at 1.) It appears that Allan Brown does all the bookkeeping for Trinity, Network, and Santa Ana. The list of board members of Network and Santa Ana is identical, and Trinity's is substantially similar.

However, it is abundantly clear that Trinity and Network have chosen to remain separate entities for legal and tax purposes. (*See* Trinity Certificate of Incorporation attached as Ex. B to Pl.'s Not. of Cross–Mot.; Trinity Tax Return for 1998, attached as Ex. D to Pl.'s Not. of Cross–Mot.; Trinity FCC License, attached as Ex. B to Pl.'s Not. of Cross–Mot.; WTBY Station Ownership Report, attached as Ex. D to Pl.'s Not. of Cross–Mot.) Trinity is incorporated in New York, it is the owner of its own FCC license and the WTBY transmitter which was the site of the accident, and it files taxes in its own name. (*Id.*) Network, on the other hand, is located and incorporated in the State of California, with some employees at its local office in Tustin and others, like Hastings, in remote locations. (*See* Cephas Dep., attached as Ex. F to Pl.'s Not. of Cross–Mot. at 11–12; *see also* Dep. of Steven Hastings, attached as Ex. E to Pl.'s Not. of Cross–Mot. at 17–20.) Therefore, even though Trinity functions as one of the many "affiliate" stations comprising the larger Network, Trinity and Network are legally separate entities. Under New York law, Trinity cannot avail itself of Network's workers' compensation defense. *See Gregory*, 578 F.Supp. at 886; *Levensen*, 122 A.D.2d at 868, 505 N.Y.S.2d 913. Therefore Plaintiff's cross-motion to dismiss the defense is granted, and Defendants' motion for summary judgment on workers' compensation exclusivity is denied.

This constitutes the decision and order of the court.